**H. W. KLEIN, Successor in Interest to Dixie Drilling Company, Plaintiff,**

**v.**

**CONTINENTAL EMSCO COMPANY, a Division of Youngstown Sheet and Tube Company, et al., Defendants.**

**Civ. No. 5776–A.**

United States District Court,
E. D. Texas,
Beaumont Division.

March 3, 1970.

Charles R. Dunn, Wyckoff, Russell & Dunn, Houston, Tex., for plaintiff.

Charles S. Pipkin, Strong, Pipkin, Nelson, Parker & Powers, Beaumont, Tex., for defendant Westinghouse Air Brake Co.

David Kreager, Orgain, Bell & Tucker, Beaumont, Tex., B. Jeff Crane, Jr., Vinson, Elkins, Searls & Connally, Houston, Tex., for defendant Continental Emsco Co.

James W. Mehaffy, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for defendant General Electric Corp.

## MEMORANDUM OPINION

FISHER, Chief Judge.

This products liability case arose out of an accident occurring on March 3, 1966, near Woodville, Texas, when the traveling block of a drilling rig struck the crown assembly and fell to the floor, dislodging a section of the rig and doing extensive damage to it. The rig was owned at the time of the accident by Dixie Drilling Company, which initiated this action for damages and lost profits. Dixie Drilling Company subsequently transferred its assets to H. W. Klein, who succeeds the former in interest as Plaintiff in this lawsuit.

At the time this cause went to trial there were four defendants: Continental Emsco Company, assembler of the rig; General Electric Corporation, manufacturer of the stop button assembly; Westinghouse Air Brake Company, manufacturer of the air valves; and Solar Division of International Harvester, manufacturer of the generator. The last Defendant was removed from the case by action of the Court before the matter was submitted to the jury. Plaintiff contended generally that one or more of the Defendants is liable for the asserted damages on either of the alternative theories of negligence and breach of warranty. The case was tried to a jury on the issue of liability only. The jury found for the Plaintiff and against the Defendant Westinghouse Air Brake Company on the theory of breach of warranty. With respect to the Defendants Continental Emsco and General Electric, the jury found against the Plaintiff.

Defendant Westinghouse Air Brake Company has moved the Court to enter judgment in its favor *non obstante veredicto* on the ground that the verdict is without support in the evidence. Plaintiff has moved for interlocutory judgment on the verdict against Defendant Westinghouse Air Brake Company and for judgment *non obstante veredicto* against the Defendant Continental Emsco. Plaintiff's contention is that the finding of liability against Westinghouse as supplier of a component part of the console renders the assembler of the console, Continental Emsco, liable as a matter of law. We find it unnecessary to resolve this last issue inasmuch as we have concluded that the Court cannot enter judgment upon this verdict.

It is not unusual for these products liability cases to present troublesome questions as to the legal sufficiency of the evidence. In this case, as is often so, there was little direct evidence. Most of the testimony consisted of the opinions of experts couched in the language of technicians. There were three defendants, against any one or combination of which the jury might have found on either of two alternative legal theories. The instructions as to the applicable law were necessarily complicated and undoubtedly confusing for lay jurors. It is not surprising that the sheer frustration of sifting the competent evidence in such a case might tempt the jury to resort to conjecture. We have concluded, upon careful examination of the evidence, that such is what happened here.

■ We have searched in vain for any shred of competent evidence upon which this verdict might rest. Touching the issue of defective design of the air valve mechanism, Plaintiff's expert witness Dr. Richard Madison, an engineer, testified that he considered the design of the hoist mechanism lever as being dangerous in that it was an "I" shift rather than an off-side shift. But on cross-

examination he admitted that by this he meant that someone could possibly make a mistake with it; that the lever, though not foolproof, could be operated safely. The law does not require that a manufacturer produce a perfect or accident-free product. Shamrock Fuel & Oil Sales Co. v. Tunks, 416 S.W.2d 779 (Tex.Sup.1967). The standard is reasonable fitness for the purpose intended. Helene Curtis Industries, Inc. v. Pruitt, 385 F.2d 841 (5th Cir. 1967), cert. denied 391 U.S. 913, 88 S.Ct. 1806, 20 L.Ed.2d 652 (1968). Neither this witness nor any other produced by either side was willing to state that the air valve manufactured by Westinghouse Air Brake Company was unreasonably dangerous in design or operation.

Neither is there any evidence tending even remotely to suggest that the valve left the hands of the manufacturer in a defective condition. No witness testified that the valve was ever examined and found to be defective at any time either before or after the accident. The valve was not discovered or produced in evidence. It does not appear what became of it after the accident. There was on the other hand evidence that other portions of the drilling rig were repaired and continued in operation after the accident. The valve manufactured by Westinghouse Air Brake Company was a mechanical device operated in connection with other instruments and devices the malfunction of which could have caused this accident. There was testimony to the effect that a short in the braking system could have been the cause; that the AC generator might have failed and thereby shut the rig down; that the rig might have run out of fuel; that the driller might have delayed in shutting off the power and applying the brakes. We recognize the doctrine that the existence of a defect may be proved by circumstantial evidence and that the Plaintiff is not required to negative every other possible inference. Darryl v. Ford Motor Co., 440 S.W.2d 630 (Tex. Sup.1969). The jury would be justified in the absence of direct evidence in drawing an inference which the circumstances make reasonably probable. Sharp v. Chrysler Corp., 432 S.W.2d 131 (Tex.Civ.App.—Houston, 14th Dist., 1968 writ ref'd n. r. e.). But the jury was not justified, absent any evidence, circumstantial or otherwise, in speculating away this Defendant's right to have the case against it proved by a preponderance of the credible evidence. Helene Curtis Industries, Inc. v. Pruitt, supra, 385 F.2d at 851.

Plaintiff points to decisions which hold that when a defective product comes in a sealed container it is inferable that the product reached the customer without substantial change in the condition in which it was sold. McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex.Sup.1967); Darryl v. Ford Motor Co., supra; Sharp v. Chrysler Corp., supra. But this presumption avails Plaintiff nothing in the absence of any evidence tending to suggest the existence of a defect in the first place. "A presumption of fact cannot rest upon a fact presumed." Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791, 794 (1955). For the jury to presume the existence of a defect from no more than a suggestion as to how an accident might have occurred would be to found an inference upon an inference. This the law does not permit. Smith v. Fidelity & Cas. Co. of New York, 261 F.2d 460 (5th Cir. 1958); Texas Sling Co. v. Emanuel, 431 S.W.2d 538 (Tex.Sup. 1968); Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp., 435 S.W.2d 854 (Tex.Sup.1968).

For the reasons stated the Court is of opinion that Defendant Westinghouse Air Brake Company is entitled to judgment as a matter of law, and its motion for judgment notwithstanding the verdict will be granted. The motion of Plaintiff for interlocutory judgment on the verdict and for judgment notwithstanding the verdict against Defendant Continental Emsco Company will be denied. Counsel for Defendants will submit an appropriate judgment within fifteen days of this date.