**H. W. KLEIN, Successor in Interest to Dixie Drilling Company, Plaintiff-Appellant,**

v.

**CONTINENTAL–EMSCO, a division of the Youngstown Sheet & Tube Company, et al., Defendants-Appellees.**

No. 29750.

United States Court of Appeals, Fifth Circuit.

July 12, 1971.

**630**

Charles R. Dunn, Wyckoff, Russell & Dunn, Houston, Tex., for plaintiff-appellant.

B. Jeff Crane, Jr., Vinson, Elkins, Searls & Connally, Houston, Tex., and David Kreager, Orgain, Bell & Tucker, John D. Rienstra, Beaumont, Tex., for appellee Continental-Emsco.

Charles S. Pipkin, Courtlyn M. Rea, Strong, Pipkin, Nelson, Parker & Powers, Beaumont, Tex., for appellee Westinghouse Air Brake Co.

James W. Mehaffy, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for appellee General Electric Corp.

Before GOLDBERG, GODBOLD, and RONEY, Circuit Judges.

GOLDBERG, Circuit Judge:

This is a products liability suit involving property damage to an oil drilling rig located near Woodville, Texas. In March of 1966 the massive traveling block of a drilling rig owned by Dixie Drilling Company struck the crown block assembly and fell 140 feet to the rig floor, killing a crew member and causing extensive damage to the rig. This accident engendered a wrongful death action filed by the widow of the deceased crewman. Prior to the separation and settlement of that action, plaintiff H. W. Klein, as successor in interest to Dixie Drilling Company, intervened, setting out his property damage interest. Klein sought recovery under theories of negligence, breach of warranty and strict liability from each of four defendants: Continental-Emsco Company, assembler and seller of the drilling rig, General Electric Corporation, manufac-turer of the electrical components incorporated into the rig's control console, Solar-Division of International Harvester, manufacturer of certain generators on the rig and Westinghouse Air Brake Company, manufacturer of the air valves and pneumatic controls installed in the rig's control console by Continental-Emsco.

Prior to submission of the issue of liability to the jury, the district court removed from the case defendant Solar-Division of International Harvester. The jury then returned a verdict for the plaintiff against defendant Westinghouse Air Brake Company, finding a breach of implied warranty with respect to the control console's main air valve. As to the defendants Continental-Emsco and General Electric, however, the jury found against the plaintiff. Thereafter, the trial judge granted defendant Westinghouse's motion for judgment *non obstante veredicto* and filed a memorandum opinion in conjunction with its ruling. Klein v. Continental Emsco Company, 1970, 310 F.Supp. 413. The district court concluded, *inter alia,* that the plaintiff Klein failed to introduce any evidence tending to suggest that the control console's main air valve left the hands of the manufacturer Westinghouse in a defective condition. We agree with this conclusion and accordingly affirm.

We first note that plaintiff Klein on appeal complains only of the trial court's action granting the motion of defendant Westinghouse for judgment notwithstanding the verdict. Therefore, we limit our discussion to the district court's disposition of that defendant.

 In applying the doctrine of strict liability to the manufacturer of a defective product, Texas decisions require the user or consumer injured by the product to show, either by direct or circumstantial evidence, that such product was defective when it left the possession of the manufacturer. Darryl v. Ford Motor Co., Tex.1969, 440 S.W.2d 630. McKisson v. Sales Affiliates, Inc.,

Tex.1967, 416 S.W.2d 787; Sharp v. Chrysler Corp., Tex.Civ.App.1968, 432 S.W.2d 131, error ref., n. r. e.; Coca Cola Bottling Co. of Houston v. Hobart, Tex.Civ.App.1967, 423 S.W.2d 118, error ref., n. r. e. We have carefully examined the record in this case and agree with the district court that there is a complete absence of evidence tending to show that the main air valve was defective when Westinghouse sold it to Continental-Emsco.

■■ Plaintiff Klein, however, seeks to avoid a complete evidential hiatus by invoking the sealed-container doctrine. In McKisson v. Sales Affiliates, Inc., *supra*, the Texas Supreme Court held that when it is shown that a defective product came from the manufacturer in a sealed container, it can be inferred that the product reached the injured consumer without substantial change in the condition in which it was sold by the manufacturer. In the instant case Westinghouse's main air valve was integrated by Continental-Emsco into the latter's console, and it is this console, not the air valve, that constitutes a sealed container. While the doctrine's resulting inference of defective workmanship can be extended to Continental-Emsco, it does not posit or imply sealed-in liability as to Westinghouse or any other of the container's componential creators. Westinghouse, whose valves were necessarily meddled by Continental-Emsco in its creation of the console, simply cannot be held liable solely upon the basis of a doctrine aimed at the fabricator of an integrated unit. The sealed-container doctrine's ascription of fault predicated upon Continental-Emsco's sealing process does not show that the main air valve produced by Westinghouse was packaged in its pristine state.

We conclude that plaintiff's failure to adduce a single probative fact concerning a vital element of his cause of action justified the district court's granting the defendant Westinghouse's motion for judgment notwithstanding the verdict. Boeing Company v. Shipman, 5 Cir. 1969, 411 F.2d 365; Helene Curtis Industries, Inc. v. Pruitt, 5 Cir. 1967, 385 F.2d 841, cert. denied, 391 U.S. 913, 88 S.Ct. 1806, 20 L.Ed.2d 652. Therefore, the judgment of the district court is affirmed.

Affirmed.