LAWRENCE *et al. v.* SPIVEY *et al.*

BECK, P. J.   Lola Spivey filed her petition against L. F. and W. B. Lawrence and Rufus Woolfolk, alleging that she procured the Lawrences to pay for her certain past-due purchase-money notes and taxes on a house and lot bought by her under bond for title from one Bowen, such advances to be repaid within twelve months; that as security for such advances she transferred to them her bond for title to the premises in controversy; that while such transfer was absolute in form, it was in fact made for security, with the further security that the rents should be collected by the Lawrences and applied to the reduction of the sums so advanced; that Woolfolk, with notice of plaintiff's rights, conspired with the Lawrences to have a transfer of said bond for title made to him for the purpose of depriving her of her property; and that before the institution of her suit she had made tender in full. By amendment she alleged that she, through her tenant, remained in possession.

20

She prayed for reformation of the transfer to the Lawrences, restoration of the property to her, cancellation of the transfer of the said bond; and for damages in the event that other relief prayed for should not be granted. General and special demurrers were filed by all defendants, some of which special demurrers were sustained by the court. *Held:*

1. The special demurrers, in so far as they were meritorious, were sufficiently met by amendment.

2. The court did not err in overruling the general demurrer. The petition set forth a cause of action, and it was competent for the petitioner to show by parol evidence that while the transfer of the bond for title was absolute in form, it was made for the purpose of securing the debts alleged in the petition and for the repayment of the advancements made by the defendants, the Lawrences. This holding is not contrary to our statute law which renders inadmissible parol evidence to vary or contradict the terms of a written contract, but is in consonance with our rulings that a deed absolute on its face may be shown to be a mortgage or a security for the payment of debt, where the vendor remains in possession. In the present case the vendor's tenant, who had been in possession under her, continued in possession.

3. The allegations of payments made by petitioner to the transferee of the bond for title, and other payments made by her tenant, sufficiently show that she is entitled to an accounting.

4. In so far as exceptions to the rulings of the auditor upon the questions of fact are in compliance with the rule that in connection with the exceptions of fact the evidence necessary to be considered in passing thereon must be set forth, the court did not err in refusing to approve these exceptions; and certain exceptions which do not conform to this rule can not be considered.

5. In view of the preceding rulings, the court did not err in overruling the exceptions to the auditor's rulings upon questions of law. The conclusions of law announced by the auditor in his report follow from the findings of fact in the case.

6. In the allowance of auditor's fees the court may in its discretion apportion the same between the parties. The apportionment made in this case affords no ground of complaint to the plaintiffs in error.

7. The final decree was authorized by the rulings and findings of the auditor as made in his report.

                       *Judgment affirmed. All the Justices concur.*

                *R. R. Jackson* and *C. E. Moore* for plaintiffs in error.

*W. H. Terrell* and *J. K. Jordan,* contra.