ROGERS *v.* JOHNS *et al.*

No. 7028. JANUARY 15, 1930.

*F. W. Copeland,* for plaintiff in error. *Mann & Mann,* contra.

ATKINSON, J. John D. Johns obtained a judgment against W. M. Rogers in the superior court of Whitfield County, Georgia, and caused execution issued thereon to be levied upon described land in that county. Mary E. Rogers interposed a claim, and the

property was found subject. The property was sold for an amount insufficient to satisfy the judgment. Johns subsequently, in an effort to collect the deficiency, instituted an equitable action in the same court to cancel a deed from W. M. Rogers to Mary E. Rogers, and another from Mary E. Rogers to J. W. Keith, and another from Keith to G. M. Coker, all purporting to convey a described tract of land in the State of Tennessee. The alleged ground for cancellation was that the deeds were fraudulent and void as against the plaintiff, because each was made without consideration and as a part of a scheme to enable W. M. Rogers to avoid payment of his debts to Johns and other creditors. All of the above named except Keith were made parties in the original petition, and filed a general demurrer and answer. The demurrer was overruled, and no exception was taken. The case was subsequently referred to an auditor. At the hearing before the auditor Keith came in and was made a party defendant, and filed his answer admitting that the deed to him was made without consideration and only for the purpose of enabling W. M. Rogers to avoid his creditors. Rogers having been adjudged a bankrupt, the trustee in bankruptcy was made a party plaintiff. After hearing evidence, the auditor made his report. Mary E. Rogers alone filed exceptions. The judge overruled the exceptions and made the findings of the auditor upon all questions of law and fact the judgment of the court. Mary E. Rogers excepted, and assigned error on the final judgment.

■ The exception to the ruling of the auditor refusing to continue the case on account of illness of the exceptor fails to set out, directly or by appropriate reference, the evidence introduced on the motion to continue; and consequently the exception was insufficient. *Coosa Land Co.* v. *Edgerton Manufacturing Co.,* 165 *Ga.* 808 (142 S. E. 149) ; *Lawrence* v. *Spivey,* 166 *Ga.* 305 (4) (143 S. E. 379). For similar reasons other exceptions were insufficient.

■ The sixth exception to the auditor's report does not make it appear that the auditor was without authority to allow Keith to be made a party defendant.

■ The parties to the alleged fraudulent deeds having appeared and submitted themselves to the jurisdiction of the court, the mere fact that the land purporting to be conveyed by said deeds was located in the State of Tennessee would not deprive the court of jurisdiction to cancel the deeds and afford other equitable relief.

In so far as any of the exceptions were sufficient to raise questions for decision, they were without merit; and the judge did not err, for any reason assigned, in overruling the exceptions and making the report of the auditor the judgment of the court.

*Judgment affirmed. All the Justices concur.*