DODD, trustee, *v.* BELL *et al.*

No. 10369.   FEBRUARY 15, 1935.   REHEARING DENIED FEBRUARY 27, 1935.

*Haas, Gambrell & Gardner,* for plaintiff.

*Marion Smith, F. M. Bird, George & John L. Westmoreland, Hewlett & Dennis,* and *O. C. Hancock,* for defendants.

BECK, Presiding Justice.   Fair Dodd, trustee, as a creditor of John G. Bell, deceased, filed a petition in equity against Mrs. Mattie F. Bell, executrix of the estate of John G. Bell, and sought to have declared fraudulent and void a deed executed by Mattie F. Bell as executrix to John M. McCullough, conveying certain lands in Florida, it being alleged that the estate of John G. Bell at the time of the conveyance was insolvent, and that the deed was made with intent to defraud plaintiff, a creditor; and plaintiff prayed that the conveyance be declared fraudulent, invalid and void, because executed to hinder, delay, and defraud creditors; and that he be granted such other and further relief as was proper.   McCullough filed a demurrer, in which he challenged the jurisdiction of a court in this State to grant the relief sought, for the reason that the land involved was without the State of Georgia.   The court sustained the demurrer and dismissed the suit as to McCullough.   To this judgment Dodd, trustee, excepted.

The court erred in sustaining this demurrer.   We can not agree that the court is without jurisdiction in a case of this character.   While several decisions are cited by counsel for the defendants, wherein it is in substance held that a proceeding of this kind is a proceeding in rem, we do not think that that doctrine ought to be applied here.   In a sense, perhaps, it is a proceeding in rem.   But it is also a proceeding in personam, in certain essential respects.   While a Georgia court can not touch the property in Florida, can not seize it, it can render a judgment which shows that such a deed as that referred to is without solid foundation.   It is logical and right, it seems to us, that such an action should be brought in the county of the residence of the two parties to the deed where they

were both made parties defendant; and that is the case here. If the judgment is in favor of the petitioner asserting the invalidity of the deed, that judgment can be invoked in a State where the property is situated, in a proceeding brought in the State of the situs of the property.

"Questions affecting real property. Although incapable of acting directly on real estate beyond its jurisdiction, a court of equity in one State, having acquired jurisdiction of the litigants, may make orders and decrees affecting their dealing with such property, in such manner as to bind them personally, and such orders or decrees may be pleaded as a cause of action, a bar, or a defense in the state where the land lies." 34 C. J. 1137. "Suits in Equity. When a case is a proper one in other respects for equitable relief independent of statute, an obligation can be enforced wherever defendant is personally within the jurisdiction of the court, although land lying in another state may be affected by the decree." 15 C. J. 744. In Johnson v. Gibson, 116 Ill. 294, 301, the Supreme Court of Illinois said: "In such cases the court does not act upon the land, or make any order in reference to it. It simply declares a certain transaction relating to the land fraudulent as between the complainant and the offending parties, and thus removes it as an obstruction to the creditor's legal remedy." See also Carpenter v. Strange, 141 U. S. 87 (11 Sup. Ct. 960, 35 L. ed. 640). In Rogers v. Johns, 169 Ga. 710 (151 S. E. 362), it was held: "The court was not without jurisdiction of an equitable action to cancel deeds to land in another State, where the parties to the deeds appeared and submitted to the court's jurisdiction." In Port Royal Railroad Co. v. Hammond, 58 Ga. 523, it was said: "When a court of equity has jurisdiction of the person of a defendant, it may decree the specific performance of a contract for the conveyance of land situated in a foreign state or country, and also restrain a defendant by injunction in certain specified cases, by acting upon the person of the defendant within its jurisdiction."

And so we have concluded, in view of the reasons for the rule laid down, that the court erred in dismissing this case as to the demurrant, McCullough.

*Judgment reversed. All the Justices concur.*