## 25850. SELLERS v. GRIFFIN, Sheriff.

ALMAND, Chief Justice. Willie Foster Sellers brought his petition in Chatham Superior Court seeking his release from the custody of Carl A. Griffin, Sheriff. He alleged that the sheriff claims to hold him in custody for the purpose of transporting him to the State of Indiana by virtue of a warrant of the Governor of Georgia, alleging that he was a fugitive from justice from Indiana, having been charged with committing a crime within the State of Indiana on July 28, 1969. He further alleged that he was not present in Indiana on July 28, 1969, but was in the City of Brunswick, Glynn County, Georgia, on said date.

The record does not show any response by the sheriff other than the production of Sellers on the date set for the hearing.

On the hearing it was stipulated by counsel for the petitioner and the State that: "this is a writ of habeas corpus brought on behalf of Foster Sellers to fight extradition to the State of Indiana. Indiana is the demanding State, claiming that on the 28th day of July, 1969, in Austin, Indiana, the Austin State Bank was burglarized at approximately 1:40 a.m. on that morning. There is a stipulation between the State and the defense that the Governor's warrant and all other papers are in order. The only thing the defense is proceeding on is that he was not in the State of Indiana at the time the crime was committed."

The evidence on behalf of the petitioner was as follows: Mrs. Gladys Swain testified that on July 28, 1969, she was registration clerk at Holiday Inn Motel in Savannah. She produced a registration slip of the Inn "Guest Registration Sellers, Willie F—room No. 149— 7-27-69(1)—Brunswick, Ga." She testified that the time said party registered was 7:39 p.m.,

July 27, and that the check out time was 7:58 a.m., July 28. She further stated that she did not know whether petitioner was the person who filled out the registration card.

Dr. W. L. Boone, a veterinarian of Brunswick, Georgia, testified that he issued a tag receipt to Foster Sellers on July 28, 1969. He produced his records which showed issuance of two tags, Nos. 135601-602 to Foster Sellers on July 28, 1969. His records also showed issuance of tags to others: No. 134990 on July 25, 1969, No. 134987 on July 21, and No. 134991 on July 31.

Sellers testified that he was in Savannah the night of July 27, and that the registration card of Holiday's was signed by him, and that he was in Brunswick on July 28.

Both Sellers and his witness, Boone, admitted that they had been convicted of offenses involving moral turpitude.

The respondent's evidence was as follows: Leon Nichols, Sheriff of Scott County, Indiana, testified that the Austin State Bank, Austin, Indiana, was burglarized at 1:40 a.m. on July 28, 1969, and that three persons were involved in that burglary.

Mrs. Dora Geyser testified that on July 25, 1969, she was an employee at a motel in Jeffersonville, Indiana, a short distance from Austin, Indiana. On that date Sellers was at this motel, but she did not see him after that date.

The warrant of the Governor is prima facie evidence of the existence of every fact necessary for its issuance. A person held upon a Governor's warrant in an extradition proceeding and who is seeking to be released on a habeas corpus writ must introduce evidence sufficient to overcome the prima facie case on the issue for which he is being prosecuted in the demanding State. If he can show that he was not in the demanding State on the day of the commission of the alleged crime, it would be the duty of the court in a habeas corpus proceeding to discharge him. *Dawson v. Smith*, 150 Ga. 350 (2, 4) (103 SE 846); South Carolina v. Bailey, 289 U. S. 412 (53 SC 667, 77 LE 1292).

The evidence on the part of Sellers places him in Savannah at the time of the burglary in Indiana on the morning of July 28, 1969. The evidence of the respondent places him in Indiana on July 25, but there is no evidence that he was in Indiana on July 28.

The evidence that he was in Savannah on July 27-28 and in Brunswick on July 28, is supported also by the testimony of Sellers and Doctor Boone, both admitting that they had previously been convicted of crimes involving moral turpitude. Their credibility being for the trial judge, he apparently did not believe them.

There is one feature of the case that disturbs us, which was not passed upon by the trial court, and that is that after Sellers swore that the writing on the registration card was his, no evidence was introduced to rebut this claim. In the record is the signature of Sellers to the affidavit in support of his petition for the writ of habeas corpus. In a comparison of this signature with the signature on the registration card, there is in some respect a marked similarity.

"A jury is not constrained to discard all the testimony of even a corrupt witness, when he is satisfactorily corroborated on material points by circumstances, or by other unimpeached evidence. This is so, although the corroboration may not extend to the main, or vitally controlling, issue in the case." *Duncan v. State*, 97 Ga. 180 (2) (25 SE 182); *Haynes v. State*, 17 Ga. 465 (1).

This court cannot make any such determination, but in view of all the facts and circumstances we are of the opinion that the case should be returned to the trial court for a further consideration as to whether the writing on the registration card is or is not that of Sellers and other evidence pertinent to the issue of Sellers' presence on July 28, 1969.

We do not pass upon the merits of the appeal. Attached to this opinion as Exhibits are (a) the signature of Sellers on his petition for the writ of habeas corpus, and (b) the registration card of Holiday Inn, July 27, 1969.

*Reversed with direction. All the Justices concur.*

ARGUED JUNE 8, 1970—DECIDED JULY 9, 1970.

*Emanuel Lewis*, for appellant.

*Andrew J. Ryan, Jr., District Attorney, Robert E. Barker*, for appellee.

## EXHIBIT A

Georgia

Chatham County

Personally appeared Willie Foster Sellers, who being duly sworn, deposes and says on oath that the allegations contained in the foregoing petition for writ of habeas corpus are true.

*Willie Foster Sellers*

## EXHIBIT B

ROOM NO. 147 7-27-69-① DEPART DATE RATE 10

### GUEST REGISTRATION

NO. IN PARTY ADS. CHILD.

X *Sellers* (LAST NAME) *Willie* (FIRST) *F.* (INITIAL) 1

*Brunswick — Ga.*

HOME ADDRESS: STREET *Rt. # 1 Box 80*

CITY *Brunswick,* STATE *Ga.*

FIRM *Coastal Leather Co. —*

| MAKE OF CAR | LICENSE NO. | STATE |
|---|---|---|
| *Pont —* | *18 A —* | *Ga. —* |

ON CHECKING OUT MY ACCOUNT WILL BE HANDLED BY: ( ✓ )

| CASH ✓ | AMERICAN EXPRESS | GULF CREDIT CARD | DINERS' CLUB |
|---|---|---|---|
| ✓ | No. | No. | No. |

### NOTICE TO GUESTS

THIS PROPERTY IS PRIVATELY OWNED AND THE MANAGEMENT RESERVES THE RIGHT TO REFUSE SERVICES TO ANYONE, AND WILL NOT BE RESPONSIBLE FOR ACCIDENTS OR INJURY TO GUESTS. THE MANAGEMENT PROVIDES A SAFE IN THE OFFICE AND CANNOT BE RESPONSIBLE FOR VALUABLES UNLESS THE GUEST CHECKS THEM AT THE OFFICE.

REMARKS

CLERK'S INITIAL 11027 TIME CHECKED IN Holiday Inn®