## 29270. JOHNSTONE v. DEYTON et al.

INGRAM, Justice.

This appeal is from an order of Clayton Superior Court denying habeas corpus relief to appellant who is being detained in Georgia under extradition proceedings for delivery to the State of Wisconsin to answer the alleged felony offense of nonsupport of four minor children in that state.

The only question presented for decision is whether appellant may be extradited to the State of Wisconsin from the State of Georgia in this case since the undisputed evidence shows appellant was not in the State of Wisconsin at the time of the alleged commission of the crime.

Appellant relies on *Sellers v. Griffin,* 226 Ga. 565 (176 SE2d 75) to argue that since the evidence shows he was not in the State of Wisconsin at the time of this alleged crime, the habeas corpus court erred in refusing to discharge him from the extradition detention.

Appellees argue that *Sellers* is inapplicable because the provisions of the Uniform Extradition Act of 1951 (Ga. L. 1951, pp. 726, 728) specifically authorize the extradition attacked in this case.

This court said in *Sellers:* "If [the petitioner] can show that he was not in the demanding State on the day of the commission of the alleged crime, it would be the duty of the court in a habeas corpus proceeding to discharge him. *Dawson v. Smith,* 150 Ga. 350 (2, 4) (103 SE 846); South Carolina v. Bailey, 289 U. S. 412 (53 SC 667, 77 LE 1292)."

The two cases relied upon in *Sellers* for this rule of law urged by appellant, both dealt with extradition under

Federal law brought on the ground that the petitioner had committed a crime in another State and then fled from that State. See United States Constitution, Art. IV, Sec. 2, Clause 2 (USCA § 3182).

*Sellers* involved a burglary, the commission of which required the presence of the accused in the demanding state at the time of its commission. In the *Sellers* case, the sole enumeration of error was that the evidence showed the habeas corpus petitioner "was not in the demanding State at the time the crime was alleged to have been committed and had not fled therefrom." Neither the opinion nor the record in *Sellers* specifically discloses that the extradition was brought under the authority of Federal law rather than under the Uniform Extradition Act of 1951. However, the rule applied in *Sellers* is the correct rule applicable to extradition proceedings brought under Federal law and *Sellers* does not hold this rule is applicable to all extradition proceedings brought under the State Uniform Extradition Act of 1951. The states are free to cooperate with one another by extending interstate rendition beyond that required by Federal law. See In Re Cooper, 53 Cal. 2d 674 (349 P2d 956) (1960), and Clayton v. Wichael, 258 Ia. 1037 (141 NW2d 538) (1966).

The Uniform Extradition Act of 1951 was adopted to permit cooperation with other states in cases of this character. The pertinent provisions of the 1951 Act are as follows: "The Governor of this State may also surrender, on demand of the executive authority of any other State, any person in this State charged in such other State in the manner provided in section 44-404 with committing an act in this State, or in a third State, intentionally resulting in a crime in the State whose executive authority is making the demand, and the provisions of this Chapter not otherwise inconsistent, shall apply to such cases, even though the accused was not in that State at the time of the commission of the crime, and has not fled therefrom." Code Ann. § 44-407.

The fact that appellant was not present in Wisconsin at the time of the alleged commission of the offense of non-support might be a good defense if these extradition proceedings were brought only under Federal law.

However, it is not a valid defense to this extradition proceeding brought under the Uniform Extradition Act of 1951 (Code Ann. § 44-407) for the offense of non-support which does not require the presence of the accused in the demanding state at the time of the alleged commission of the crime.

The record reveals that the extradition warrant here involved was issued in accordance with Federal law and was also issued under "the Uniform Criminal Extradition Act approved February 21, 1951 (Ga. L. 1951, p. 726), and in order that the said fugitive from justice may be brought to trial for the offense for which he stands charged." The provisions of the Uniform Extradition Act of 1951 (Code Ann. § 44-407) authorize the extradition for the offense of non-support involved in this case. Since the extradition warrant recites it was issued under the authority of this applicable provision of state law, we find no error in the trial court's judgment remanding the custody of appellant to the respondents for extradition to the State of Wisconsin.

It also appears that in a proper case extradition for non-support of minors in another state would be authorized under the 1958 Uniform Reciprocal Enforcement of Support Act. See Code Ann. § 99-906a. However, this Act is not involved in the extradition sought in this case as it was not relied upon to authorize the present extradition warrant. For a discussion of the Uniform Extradition Act and the Uniform Reciprocal Enforcement of Support Act which eliminated the Federal extradition fugitive requirement in non-support cases, see Ch. 6, § 6.5, pp. 204-206, Law of Domestic Relations, by Homer H. Clark, Jr.

The trial court's order denying habeas corpus relief to appellant in this case was correct and will be affirmed.
*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 4, 1974 — DECIDED OCTOBER 29, 1974.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*William H. Ison, District Attorney, J. W. Bradley, Assistant District Attorney, Glaze & Glaze, George E.*

*Glaze,* for appellees.