## 55051. WERTHMULLER v. WERTHMULLER.

SMITH, Judge.

Appellant (husband) was granted a divorce by an Alabama court. Both parties to this action were residents of Alabama when the divorce complaint was filed and the divorce granted. Among other things, the final decree directed the appellee (wife), defendant in trial court, to *execute a deed* to the husband to a one-half undivided interest in land she owned in Muscogee County, Georgia; the decree did not *vest title* in appellant. The wife subsequently became a resident of Missouri, without executing the deed as directed. After the wife became a resident of Missouri, the Alabama court, without personal service or the wife being present in court by an attorney or otherwise, amended its decree. The amended decree directed the register of the Alabama court to execute a deed, on behalf of the wife to the husband, to a one-half undivided interest in the Muscogee County land. The husband, a resident of Alabama, brought a proceeding in Muscogee County to domesticate the Alabama judgment. The wife was served by publication; she never subjected herself to the jurisdiction of the Georgia court. This court in *Veal v. General Acc. Fire &c. Assur. Corp.,* 128 Ga. App. 610 (197 SE2d 410) (1973), points out, "There is no provision in this state whereby courts may acquire jurisdiction over a defendant by service by publication and then render an in personam judgment against him." There can be no judgment obtained personally binding appellee so long as she is not personally within the territorial jurisdiction of the court. *Young v. Morrison,* 220

Ga. 127 (137 SE2d 456) (1964). This is clearly a proceeding in personam, one to force appellee personally to execute the deed as directed by the Alabama court decree. Until the court in this state can obtain personal jurisdiction over appellee, it has no power to domesticate the Alabama decree and enforce its provisions. *Dodd v. Bell,* 180 Ga. 313, 314 (178 SE 663) (1935).

The wife's motion to dismiss the action for lack of jurisdiction was correctly granted.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED JANUARY 4, 1978 — DECIDED APRIL 28, 1978.

*Hirsch, Beil & Partin, Milton Hirsch,* for appellant. *Henson & Cheves, L. Joel Collins,* for appellee.