## 33525. AIKENS v. TURNER.

BOWLES, Justice.

On January 7, 1977, the Superior Court of Bulloch County, Georgia heard a Uniform Reciprocal Enforcement of Support Act (URESA) petition from the State of California initiated by Michelle Lashley Turner, mother, against David Franklin Turner, father, alleging that the latter left in a dependent condition his minor child in the State of California. At that hearing the father, appellee, denied paternity of the child and introduced into evidence a copy of a libel for divorce, an agreement of the parties, an acknowledgment executed by Michelle Lashley Turner, and a final judgment and decree of divorce based thereon from the Superior Court of Burke County, Georgia, granting the parties a divorce. The libel

for divorce specifically stated there was no issue of the marriage and a copy of the libel was duly acknowledged by the wife. The final divorce decree made no mention of any child or child support. The trial judge hearing the URESA petition found generally in favor of the defendant, judgment was entered thereon and no appeal was taken. In May, 1977, an extradition proceeding was begun by the wife in the State of California alleging URESA had been attempted but proven ineffective. The proceedings also recited that the court in Georgia failed to respond to status inquiries regarding those proceedings. In September of that year the State of California, in extradition proceedings, requested of the Governor of Georgia that the father be arrested and returned to California for the violation of two misdemeanor charges for failure to provide for the minor child in violation of section 270 of the Penal Code of that state. The husband was arrested pursuant to a warrant based thereon issued by the Governor of the State of Georgia, and he immediately filed a petition for habeas corpus. Upon hearing, the judge of the superior court determined that the husband was unlawfully imprisoned and restrained of his liberty and the court discharged him from custody without any formal adjudication of paternity. From that order the arresting officer, the Sheriff of Bulloch County, Georgia, acting by and through the district attorney of that judicial circuit, appeals to this court.

1. The appellee's contention that he was not present in the demanding State of California at the time of the alleged commission of the offense of nonsupport no longer presents a valid defense. Code Ann. § 44-407. *Johnstone v. Deyton,* 233 Ga. 146 (210 SE2d 692) (1974).

2. Since the passage by our legislature of the Uniform Criminal Extradition Act (Code Ann. § 44-401 et seq.; Ga. L. 1951, pp. 726-737) it has adopted the Uniform Reciprocal Enforcement of Support Act (Code Ann. § 99-901a et seq.; Ga. L. 1958, pp. 34-47). Inasmuch as the provisions of the latter Act provide for interstate extradition or rendition of persons failing to comply with the law in regard to the support of minor children, the two Acts should be construed together.

Whether or not an accused father, named as a

defendant under the latter Act, could avoid liability thereunder by pleading and proof that he was not the father of the child or children in question has apparently not been decided by the appellate courts of this state. The General Assembly (Ga. L. 1977, p. 699, effective March 23, 1977), has now expressly established procedure for such a determination:

Code Ann. § 99-922a.1. "Determination of paternity. If the obligor asserts as a defense that he is not the father of the child for whom support is sought and it appears to the court that the defense is not frivolous, and if both of the parties are present at the hearing or the proof required in the case indicates that the presence of either or both of the parties is not necessary, the court may adjudicate, by jury trial if demanded by either party, the paternity issue. Otherwise, the court may continue the hearing until the paternity issue has been adjudicated."

Thus, if the court determines the issue of paternity in favor of the putative father, he would not be responsible for support under the other terms and provisions of URESA and by parity of reasoning could not be subject to criminal prosecution for failure to support a minor child with whom he had no connection.

3. Inasmuch as the judgment of the superior court entered on January 7, 1977, was based on a civil URESA proceeding, between the former wife and husband in which the State of California was not a party, it would not be res judicata in the criminal extradition proceedings now considered. Additionally, because no findings of fact and no conclusions of law were entered with that order as required by the Civil Practice Act (Code § 81A-152), we are not able to determine whether or not the trial court actually decided the paternity issue.

The record indicates that the child in question was born January 3, 1971, following a divorce between the parties on August 28, 1970, or within the normal gestation period. See Code Ann. § 74-101. In fairness to all parties we conclude that the judgment of the trial court should be vacated and the proceedings returned to the trial court for determination of the paternity issue. In doing so, the trial court can take into consideration whether or not both of the parties, mother and father,

should be present at the hearing, or whether the proof required in the case indicates that the presence of either or both of the parties is not necessary and whether or not a trial by jury is demanded by either party, all in keeping with the terms of Code Ann. § 99-922a.1.

If further proceedings result in a determination that the appellee is not the father of the child then he may be discharged. On the other hand, if the final judgment concludes he is the father of the child, he should be allowed a reasonable time to comply with the provisions of Code Ann. § 99-906a.

*Judgment reversed and remanded with direction. All the Justices concur.*

ARGUED MAY 8, 1978 — DECIDED
JUNE 9, 1978.

*J. Lane Johnston, District Attorney, Arthur K. Bolton, Attorney General,* for appellant.
*Francis W. Allen,* for appellee.