### 63037. GLOVER v. CLARK.

POPE, Judge.

This action was brought by the State of Georgia ex rel. Connie Clark (petitioner) against James Flayason Glover (respondent) pursuant to the Uniform Reciprocal Enforcement of Support Act, Code Ann. Ch. 99-9A (hereinafter URESA). Respondent brings this appeal from the final order entered in this case requiring him to make weekly child support payments.

The URESA petition alleged that petitioner and respondent were married on September 21, 1966 and divorced on April 21, 1975. The petition also alleged that petitioner is the mother and respondent is the father of a minor child, Thomas Lafayette Glover, born July 18, 1966. Respondent filed his answer denying that he is the father of the child and demanding a blood test to aid and determine the issue of paternity. He also demanded a trial by jury on the issue of paternity pursuant to Code Ann. § 99-922a.1. The trial court entered a preliminary order on April 30, 1981 granting respondent's demand for the appropriate blood tests, respondent agreeing to be responsible for all costs incurred by all parties in connection therewith.

On June 26, 1981 a hearing was held before the court without a jury wherein respondent testified and pertinent documentary evidence was introduced. The birth records showed that the minor child, nee Thomas Lafayette Clark, was born in Wayne County, Georgia on July 18, 1966. The mother of the child was listed as petitioner Connie Clark, but no one was listed as father of the child. A judgment of divorce granted by the Superior Court of the District of Columbia in April of 1975 showed that the divorce was granted on the ground of voluntary separation for more than one year preceding the commencement of the action. That court found "that there was one (1) child of the marriage, THOMAS LAFAYETTE GLOVER. . . " and awarded custody of the child to petitioner. Respondent, living in Georgia at the time, was notified of the divorce proceeding by certified mail. Prior to the judgment of divorce, respondent received

a letter dated February 2, 1975 from an attorney in the District of Columbia who had been appointed by the court to represent him in the divorce proceeding. The court-appointed attorney pointed out that respondent had several options: (a) defend the case himself or hire an attorney to defend it for him, (b) join with the court-appointed attorney in defending the case, or (c) do nothing. The letter continued that if respondent elected to do nothing, the court-appointed attorney would defend the case to see that petitioner was not granted a divorce unless she was able to make out her case against him.

Respondent testified in the case at bar that he elected to do nothing in regard to the divorce proceeding. He also testified that the minor child in question was not his child and that he never considered the child to be his own child, only his stepchild. He stated that he had not had sexual relations with petitioner during the normal gestation period of the subject child, that he was in Georgia and she was in Washington, D. C. during this period of time. He did, however, claim the child as an exemption for tax purposes while he was married to petitioner.

The record indicates that the trial court believed the issue of paternity had been decided adversely to respondent by the District of Columbia court in the divorce proceeding. Accordingly, at the conclusion of the June 26 hearing the trial court entered a standard URESA form order requiring respondent to pay child support.

1. Code Ann. § 99-922a.1 provides: "If the obligor [respondent] asserts as a defense that he is not the father of the child for whom support is sought *and it appears to the court that the defense is not frivolous,* and if both of the parties are present at the hearing or the proof required in the case indicates that the presence of either or both of the parties is not necessary, the court may adjudicate, by a jury trial if demanded by either party, the paternity issue. Otherwise, the court may continue the hearing until the paternity issue has been adjudicated." (Emphasis supplied.) Although the trial court failed to make appropriate findings of fact and conclusions of law (see *Aikens v. Turner,* 241 Ga. 401 (3) (245 SE2d 660)(1978)), the only basis for his failure to present the issue of paternity to a jury as demanded by respondent was his apparent conclusion that the defense was frivolous. We construe the term "frivolous" in this case to refer to a defense in which the respondent's realistic chances of ultimate success are slight. Accord, Jones v. Bales, 58 F.R.D. 453 (25) (N.D. Ga. 1972); Black's Law Dictionary 795 (4th ed. 1968). Based upon our review of the evidence in this case, we are unable to conclude as a matter of law that respondent's defense is frivolous, nor did the trial court so find.

(a) The judgment of the District of Columbia court is not conclusive as to the issue of paternity. Rather, that judgment is conclusive only as to those matters which were decided or could have been heard at the time thereof. *Flagship Builders v. Sentinel Star Co.,* 143 Ga. App. 624 (2)(239 SE2d 235)(1977); *Marger v. Miller,* 129 Ga. App. 44 (2b) (198 SE2d 709)(1973). The matters decided by the District of Columbia court were divorce and child custody; these matters were not contested by respondent. Indeed, why would respondent contest the custody of a child he did not consider his own?

The issue of paternity, however, could have been decided by the District of Columbia court only if that court had personal jurisdiction over respondent. Cf. *Bell v. Arnold,* 248 Ga. 9 (279 SE2d 449)(1981). Since the evidence in this case shows that the District of Columbia court did not have personal jurisdiction over respondent, its finding that the subject child was a "child of the marriage" is not binding on respondent as to the issue of paternity in the case at bar. Code Ann. § 110-1305; see *Werthmuller v. Werthmuller,* 145 Ga. App. 797 (245 SE2d 53)(1978). Compare *Cummings v. Carter,* 155 Ga. App. 688 (272 SE2d 552)(1980).

(b) Under Code Ann. § 74-101 a child is legitimate where, although born out of wedlock, the mother and reputed father subsequently marry and the father recognizes the child as his. *Harrison v. Odum,* 148 Ga. 489 (96 SE 1038)(1918); *Miller v. Miller,* 96 Ga. App. 469 (1b) (100 SE2d 594) (1957). Although petitioner and respondent were married after the subject child was born, the evidence of record did not demand a finding that respondent father recognized the child as his. See generally *Harrison v. Odum,* supra; *Wright v. Hicks,* 15 Ga. 160 (1854).

For the reasons set forth in this opinion the judgment of the trial court is vacated with direction that respondent be given a trial by jury as to the issue of paternity. See in this regard *Aikens v. Turner,* supra.

2. Based on our holding in Division 1 of this opinion, we need not address the merits of respondent's remaining enumerations of error.

*Judgment reversed with direction. Quillian, C. J., and Mc-Murray, P. J., concur.*

DECIDED MARCH 9, 1982.

*Douglas W. Mitchell III,* for appellant.

*C. Deen Strickland, District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.