## 63956. EAST v. PIKE.

CARLEY, Judge.

Pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), Code Ann. § 99-901a et seq., appellee filed a petition alleging that appellant had "refused and neglected to provide support for [his] child . . ." Appellant answered and asserted as a defense that he was "not the father of the child for whom support is sought, and that a determination of paternity should be made" pursuant to Code Ann. § 99-922a.1.

Apparently before a hearing on the petition was held, the trial court ruled that the issue of paternity was res judicata as the result of the parties' final divorce decree. Accordingly, at the hearing on the URESA petition, evidence on the issue of paternity of the child was not allowed. After the hearing, the trial court entered its final order requiring appellant to pay support for the child. Appellant appeals, asserting that the trial court erred "in disregarding the . . . defense regarding paternity . . ."

"If the obligor asserts as a defense that he is not the father of the child for whom support is sought and *it appears to the court that the defense is not frivolous,* and if both of the parties are present at the hearing or the proof required in the case indicates that the presence of either or both of the parties is not necessary, the court may adjudicate, by a jury trial if demanded by either party, the paternity issue. Otherwise the court may continue the hearing until the paternity issue has been adjudicated." (Emphasis supplied.) Code Ann. § 99-922a.1. "We construe the term 'frivolous'. . . to refer to a defense in which the respondent's realistic chances of ultimate success are slight. [Cits.]" *Glover v. Clark,* 161 Ga. App. 552, 553 (288 SE2d 887) (1982).

The issue in the instant case is whether appellant's non-paternity defense was rendered "frivolous" by the judgment of divorce granted by the Superior Court of Douglas County. The divorce proceedings were instituted in August of 1975 by appellee, whose complaint alleged that "[t]here are no children born, but one child expected in late February or early March, 1976, as the issue of this marriage. [Appellee] asks that [appellant] be held liable for the medical expenses incurred for this expected child and that he be ordered to pay child support after the birth." Appellant answered, admitting that he was subject to the jurisdiction, of the court, and counterclaimed for divorce. Compare *Glover,* 161 Ga. App. 552, supra. In his answer, appellant denied that he was the father of the child and asserted that he "should not be liable for the expenses incurred for [appellee's] expected child or child support after the

birth of same." In October of 1975, the trial court, after conducting a hearing, entered a temporary order in the divorce proceedings, requiring appellant to pay sums to "be applied to the forthcoming maternity bills," granting appellant "reasonable visitation rights" to the child after its birth, and leaving the determination of the amount of child support until "a future time." The final divorce decree was entered in May of 1976, several months after the birth of the child. The decree granted appellee a divorce and, "pursuant to an agreement entered into by both parties," granted appellant "reasonable rights of visitation," ordered appellant to pay child support "beginning immediately" and $250 "for medical expenses relating to the birth of the child." It appears that no appeal from this divorce decree was instituted.

Based upon the above, appellant's non-paternity defense in the instant URESA action was not only "frivolous," it was unavailable. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code Ann. § 110-501. The legitimacy of the child was raised by appellant in the divorce proceedings. The final divorce decree granting appellant visitation rights and ordering him to pay child support refers to "the parties['] minor child." "The legitimacy of the child was a matter for decision during the divorce proceedings. [Cit.] This issue is res judicata and cannot now be raised." *Roberson v. Fooster,* 234 Ga. 444, 445 (1) (216 SE2d 273) (1975).

Accordingly, the trial court did not err in refusing to consider the issue of the parentage of the minor child in the context of the instant URESA proceedings. See *Turner v. Turner,* 244 Ga. 229 (259 SE2d 479) (1979). Compare *Glover,* 161 Ga. App. 552, supra.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED SEPTEMBER 8, 1982.

*Joseph H. Fowler,* for appellant.
*Penny J. Udolf, Assistant District Attorney,* for appellee.