44316. PRINCE v. MITCHELL.
44317. DRIGGERS v. MITCHELL.
(354 SE2d 422)

HUNT, Justice.

These are appeals in habeas corpus actions brought by Sarah Prince and Gladys Driggers to challenge their extradition to Tennessee.

On August 20, 1984, Sarah Prince filed a petition in the Superior Court of Chatham County seeking a divorce from her husband and custody of the parties' minor child. At the time of the custody hearing, November 6, 1984, the child was in Tennessee with the husband but the superior court awarded custody to Sarah Prince under the provisions of the Uniform Child Custody Jurisdiction Act, OCGA § 19-9-40 et seq., finding that the husband had absconded with the child. When the husband failed to return the child to her, Sarah Prince, accompanied by her mother, Gladys Driggers, went to Tennessee, picked the minor child up from school, and returned to Georgia. Indictments were returned in Tennessee, alleging that Gladys Driggers had kidnapped the child and that Sarah Prince had aided and abetted her in the kidnapping. The governor of Georgia sought to extradite the mother and grandmother, as fugitives from justice, to Tennessee for trial on the charges against them, under the provisions of the Uniform Criminal Extradition Act, OCGA § 17-13-20 et seq. The court below denied relief in the habeas corpus actions brought by the mother and grandmother, finding the extradition documents to be in order under the standards set forth in *Michigan v. Doran,* 439 U. S. 282 (99 SC 530, 58 LE2d 521) (1978).

The mother and grandmother argue that because the mother had legal custody of the minor child by order of the Georgia court, they cannot be subject to criminal prosecution for kidnapping the child, and that the Tennessee court is not the appropriate forum for resolution of this issue. We disagree. Once a habeas corpus court has found the extradition papers to be legally sufficient, any further consideration of the petitioner's defenses, including any defense based on an

enforceable judgment, violates the clear intention of the legislature in enacting the Uniform Criminal Extradition Act that an extradition proceeding be of a summary nature. *Hutson v. Stoner*, 244 Ga. 52, 53 (257 SE2d 539) (1979). While the mother's right to custody may certainly be raised as a defense to the Tennessee charges, and may even be dispositive of the issue of whether the mother and grandmother took the child unlawfully, that issue nonetheless is to be properly decided in Tennessee, in the court of the demanding state, not by a court in the asylum state.[1]

*Aikens v. Turner*, 241 Ga. 401 (245 SE2d 660) (1978), cited by the mother and grandmother in support of their argument that the Uniform Child Custody Act and Uniform Criminal Extradition Act should be construed together so as to absolve them of any wrongdoing for their actions in Tennessee, is inapposite. First, *Aikens* was decided prior to *Michigan v. Doran*, supra, and it is questionable whether the holding in *Aikens* remains valid. Second, *Aikens* involved the Uniform Reciprocal Enforcement of Support Act, OCGA § 19-11-40 et seq., which specifically provides for interstate extradition of persons failing to comply with child support obligations. OCGA § 19-11-48. The Uniform Child Custody Act does not contain such a provision and, accordingly, the reasoning in *Aikens* that the Uniform Reciprocal Enforcement of Support Act and the Uniform Criminal Extradition Act should be construed together does not apply to this case.

Therefore, because the extradition documents in these cases meet the requirements of *Michigan v. Doran*, supra, we affirm the ruling of the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 9, 1987.

*Ashman & Zipperer, Alex L. Zipperer III*, for appellants.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.

---

[1] We note that, rather than "taking the law in her own hands," Sarah Prince could have sought enforcement in Tennessee of her Georgia order for custody through the Uniform Enforcement of Foreign Judgments Act, which has been adopted by most states, including Tennessee. T.C.A. § 26-6-101 et seq.; see OCGA § 9-12-131 et seq. Under that act, on the filing of her Georgia judgment for custody with the clerk of any circuit or chancery court in Tennessee, her judgment would have the same effect as, and could be enforced in the same manner as, any other Tennessee judgment. T.C.A. § 26-6-104; see OCGA § 9-12-132.