ELIZABETH BLEDSOE *et al. v.* WM. B. STOKES *et al.*

1. STATUTE OF LIMITATIONS. *Imprisonment no disability.  Omitted in
   Code.* The disability of imprisonment is not retained and
   brought forward from the old Statute of Limitations into the
   Code, and consequently does not save the statutory bar.

2. SAME. *Administrator only can sue for damages.  When.* The ad-
   ministrator of the deceased, in a suit brought to recover dam-
   ages for an injury that caused his death, being the only party
   who can sue, it follows that the minority of infant plaintiffs
   can not take the case out of the statute.

   Cases cited : Flatley, Adm'r, *v.* M. and C. R. R., MS., at Jackson.

3. SAME. *Pleading.* When defendants are averred to be without
   the reach of process for twelve months after the 1st of January,
   1867, they are held to be within reach of process after the ex-
   piration of that time, with reference to the Statute of Limita-
   tions.

---

FROM WARREN.

---

Appeal from the Circuit Court.   WM. P. HICK-
ERSON, Judge.

W. E. B. JONES and T. B. MURRAY for ELIZA-
BETH BLEDSOE *et al.*

JORDAN STOKES and S. H. COLLINS for Stokes
*et al.*

BURTON, Special Judge, delivered the opinion of the
Court.

This was an action brought by the plaintiffs against
the defendants, in the Circuit Court of Warren County,
to recover damages for the imprisonment and killing
of A. Bledsoe.   The plaintiff (W. E. B. Jones) is

the administrator of Bledsoe. The plaintiff (Elizabeth Bledsoe) is his widow, and the other plaintiffs are his minor children. The defendant pleaded the Statute of Limitations of twelve months, and various other pleas, but it is necessary only to notice the action of His Honor (the Circuit Judge) on this plea, as it is conceded, both in the record and in the argument here, that, if the action of His Honor was proper on that plea, it was decisive of the case. To the Statute of Limitations the plaintiffs, by leave of the Court, filed three replications:

1. That the defendants, from the time the plaintiff's action accrued until twelve months after the 1st of January, 1867, when Statutes of Limitation commenced, were absent from the State of Tennessee, so that process could not be served on them.

2. That the plaintiffs, Lillian Bell Ascott, and Robert Bangor Bledsoe, were minors when the wrongs complained of were committed, and so continued until the bringing of the suit.

3. The plaintiffs put in a third replication, which, in effect, avers that the defendants were armed as an illegal band of soldiers, and so kept them in duress and fear until within twelve months next before the bringing of their suit.

The defendants demurred to this replication, and the demurrer was sustained by the Circuit Judge, and the plaintiffs appeal. We can see no error in the action of the Court. If defendants are averred to be without the reach of process for twelve months

after the "1st day of January, 1867," then, by the plainest intendment, they were within the reach of process after that time till the bringing of the suit in July, 1869, which was more than twelve months.

As to the second replication, we have held, in *Flatley, Adm'r,* v. *The Memphis and Charleston Railroad Company* (MS. case decided at Jackson), that the administrator of the deceased, in a suit brought for injuries causing his death, is the only party who can sue. It follows, of course, that the minority of the infant plaintiffs in this case is an immaterial averment.

As to the matter of the third replication, if it were taken as equivalent to an averment that plaintiffs were "imprisoned," then it is sufficient to say· that that disability is not retained and brought forward from the old Statute of Limitations into the Code. And, as is said by counsel, that when the Legislature, in a Statute of Limitations, has created no exceptions, the Court can make none, is too plain a point to require the citation of authority. The judgment of the Court below is affirmed.