Kennedy *et al. v.* Warnica *et al.*

Filed Jan. 10, 1894.

<hr/>

No. 16,469.

KENNEDY ET AL. *v.* WARNICA ET AL.

| 136 | 161 |
| 149 | 243 |

Deed.—*Action to Set Aside.—Duress.—Husband and Wife.—Statute of Limitations.*—The first wife of A. owned land in her own right, and in November, 1864, under threats that he would kill her if she refused to convey the same, she executed a deed, her husband joining, to B., without consideration, the premises thereafter to be conveyed to A. on his request. The deed was recorded, and the title held by B. until his death, in 1878, when B.'s heirs conveyed the same to A., and he, in 1881, to his second wife, without consideration. Under like threats A.'s first wife kept secret the alleged duress in respect to the execution of such conveyance, never revealing the same, and she died in 1880, and her heirs brought suit to set aside her deed, etc., alleging, in substance, the above facts, and that they discovered the alleged fraudulent conduct within the last six years.
*Held,* that as the complaint does not show any active concealment of the cause of action by A., and as the heirs of A.'s first wife stand in her shoes and are chargeable with her knowledge of the fraud, her disability being removed by death, and the heirs failing to prosecute the action within two years, they are barred by the statute of limitations.

Vol. 136—11

From the Hamilton Circuit Court.

*W. Garver* and *D. W. Patty*, for appellants.

*G. Shirts* and *I. A. Kilbourne*, for appellees.

DAILEY, J.—This is an action brought by the appellants against the appellees to recover of and from the defendants, Warnica, certain lands described in the complaint.

Briefly stated, the complaint charges that the parties, except the defendants, Warnica and wife, are the heirs of Catharine Warnica, deceased; that in June, 1855, said Catharine became the owner in her own right of the lands in controversy; that on November 18th, 1864, under threats of her husband that he would kill her if she refused to convey the same, she executed a deed, her husband joining, to Frederick Warnica, without consideration, the premises to be thereafter conveyed to the husband, William Warnica, on request; that said deed was recorded at once, and the title held by Frederick until his death in 1878, when his heirs conveyed to said William, and he, in 1881, to his then wife, the defendant, Sarah Warnica, without consideration; that under like threats the first wife of said William kept secret the alleged duress in respect to the execution of said conveyance, never revealing the same, and she died in 1880; that the plaintiffs discovered the alleged fraudulent conduct within the last six years, and pray that the deeds be set aside, their title quieted and an accounting be had for rents.

To this complaint the defendant, Sarah Warnica, filed her separate demurrer, which was sustained by the court. The appellants elected to stand upon the ruling of the court, excepted thereto, and present this appeal.

The errors assigned are:

1st. The court erred in sustaining the demurrer to the complaint.

2d. The court erred in rendering judgment against the appellants for costs.

It appears from the complaint that the alleged cause of action is barred by the statute of limitations. The complaint also shows that the cause does not fall within any of the exceptions of the statute.

Section 300, of the R. S. of 1881, provides that "if any person liable to an action shall conceal the fact from the *knowledge of the person entitled thereto*, the action may be commenced at any time within the period of limitation, *after the discovery of the cause of action.*"

This suit is prosecuted by the heirs of Catharine Warnica, and they succeed to such rights only as she had. If the statute had run, or commenced to run, against said Catharine at her death, then her heirs are affected in like manner, and if she would be defeated, if living, they would be barred also.

The statute cited, section 300, *supra,* has no application to this cause, because said William Warnica did not, and could not, conceal from his wife, Catharine, *the cause of action;* she had full knowledge of those facts at the very time the deed was executed; and while, under the facts pleaded, she might have had the conveyance set aside and her title restored, yet, having full knowledge of the facts at the time, the statute began to run at once, except as impeded by the disability of coverture.

Section 296, R. S. 1881, provides that "any person being under legal disabilities when the cause of action accrues, may bring his action within two years after the disability is removed."

The disability of coverture ceased with the death of said Catharine, in 1880, but her heirs, being in her shoes, were chargeable with her knowledge of the fraud,

and the statute commenced running at once upon her death. No active concealment after the death of Catharine is charged upon William Warnica. He was not bound, at any time, to disclose the facts to the heirs. This court has many times decided that the concealment of the fact that a person is liable to an action to prevent the running of the statute of limitations, under section 300, *supra,* must be of a positive and affirmative character, calculated to prevent the discovery of the liability, as by hiding the fact or avoiding inquiry concerning its existence. And where the party knows the fact, or is in possession of the means of detecting it, and neglects to bring his action within the time limited by statute, he will be deprived of his remedy. *Miller* v. *Powers,* 119 Ind. 79; *Wynne* v. *Cornelison,* 52 Ind. 312; *Jackson* v. *Buchanan,* 59 Ind. 390; Angell on Lim., section 188.

In *Jackson* v. *Buchanan, supra,* where the defendant had procured the plaintiff's wife to deny the truth of a charge of criminal conversation, it was held not to be such a concealment as prevented the operation of the statute. It is charged that said deeds were recorded, and that plaintiffs believed the transactions to be *bona fide.* But these were acts, so open and notorious that they were sufficient to put the plaintiffs upon inquiry; yet there is no pretense that any inquiry was made, nor that any misrepresentations were made by the several grantees. But, as before stated, the ancestress of these plaintiffs possessed full knowledge of the facts, and by that knowledge the plaintiffs are bound.

It is true, also, that under the facts pleaded, the ancestress was under duress during her life; but the duress, like the disability of coverture, was dissolved by death, and, as against these heirs, the statute at once commenced to run.

We think the circuit court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.

