William Edward **HARRISON**, Plaintiff-Appellant,

v.

Marvin H. **WRIGHT**, Metropolitan Police Department, Nashville, Tennessee, Defendant-Appellee.

No. 71–1555.

United States Court of Appeals, Sixth Circuit.

April 3, 1972.

Gore, Barrett, Mitchell, & Barrett, Lionel R. Barrett, Jr., Nashville, Tenn., on brief, for plaintiff-appellant.

Paul F. Bumpus, Nashville, Tenn., on brief, for defendant-appellee.

Before PHILLIPS, Chief Judge and CELEBREZZE and KENT, Circuit Judges.

PER CURIAM.

Harrison appeals from the dismissal of his complaint for damages against a Nashville policeman.

The complaint charged that the officer committed an assault and battery against Harrison while he was in police custody on January 21, 1967, in violation of his civil rights, secured to him by 42 U.S.C. §§ 1983 and 1985(3). Harrison's action was commenced February 24, 1971, but dismissed without prejudice for failure to cite a named defendant. The suit was refiled April 6, 1971, more than four years after the alleged assault and battery.

The District Court granted the motion for summary judgment on the ground that Harrison's action was barred by the one-year statute of limitations provided by T.C.A. § 28–304. We affirm.

In Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir. 1968) this court said: "Since the Civil Rights Act itself contains no limitation period, the courts will look to the most analogous statute of limitations of the state where the cause of action arose." It has long been Tennessee law that the disability of imprisonment does not save the statutory bar. Bledsoe v. Stokes, 60 Tenn. 312 (1872). Harrison urges this court to adopt a rule of law for Tennessee which would toll the running of the statute of limitations while he was imprisoned. This request goes against the established law of Tennessee, which this court is bound to follow. Crawford v. Zeitler, 326 F.2d 119 (6th Cir. 1964). To like effect see Jones v. Bombeck, 375 F.2d 737 (3rd Cir. 1967).

Affirmed.