**Ralph G. DAVIS, Plaintiff,**

v.

**Willie WILSON, Sheriff, Defendant.**

**Civ. A. No. 2848.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 16, 1972.

R. Jerry Beck, Kingsport, Tenn., for plaintiff.

William E. Bowman, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil rights action for damages commenced on February 4, 1972. The plaintiff claims that the acts giving rise to his cause of action arose on December 27, 1970. The defendant claims affirmatively that the right of action set forth in the complaint did not accrue within one year next before the commencement of this action. T.C.A. § 28–304; Rule 8(c), Federal Rules of Civil Procedure. The defendant has moved for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure. Same will be treated as a motion for a judgment on the pleadings, Rule 12(c), Federal Rules of Civil Procedure; but, as matters outside the pleadings have been presented to and not excluded by the Court, the motion will be disposed of as provided in Rule 56. Rule 12(c), *supra*.

Although conceding that this action was not commenced within the applicable period of limitation established by T.C.A. § 28–304, the plaintiff claims that such statute was tolled for a sufficient time to render this action timely, because duress by the defendant prevented his resort to the courts for redress. In an affidavit, the plaintiff claims that, three days after the defendant's violation of his civil rights, he prepared, with assistance, a pleading to commence this action, "* * * but these pleadings were taken from his cell [in the Greene County, Tennessee jail, where the plaintiff was incarcerated in the custody of the defendant] by the [s]heriff or his agents on or about December 30, 1970, and not returned to him; and as a result he was prevented from filing his action within the statutory period of one year, and that said acts constitute fraud on the part of the defendant. * * *" He claims that "* * * he was unable to submit pleadings to the Court prior to February 4, 1972, because of his ignorance of the law and his inability to obtain aid in preparing his pleadings. * * *"

Hudson v. Shoulders (1932), 164 Tenn. 70, 45 S.W.2d 1072, cited by the plaintiff, is conceded to be inapposite. There, the defendant had fraudulently concealed from the plaintiff his right of action, itself. Duress on the part of the defendant does not constitute concealment as concerns the operation of the statute of limitations. Kennedy v. Warnica (1894), 136 Ind. 161, 36 N.E. 22.

However, there is a broad rule that, whenever some paramount authority prevents a person from exercising his legal remedy, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitations has barred his right. Braun v. Sauerwein (1870), 77 U. S. (10 Wall.) 218, 19 L.Ed. 895, 896–897. As the defendant, as the agent of the state sovereign, had the plaintiff lawfully in his official custody and control on December 30, 1970, it might be that the defendant was a paramount authority which prevented the plaintiff from exercising his legal remedy at that time and for a reasonable time thereafter. But, it can hardly be said that the defendant's deterring actions tolled the statute for the entire period of one year and 34 days thereafter.

"* * * Unawareness of * * law, alone, does not justify suspending the operation of the statute. * * *". Morgan v. Koch, C.A. 7th (1969), 419 F.2d 993, 997 [4]. The bar of the statute cannot be postponed by the failure of the plaintiff to avail himself of any means within his power to prosecute his claim. Bauserman v. Blunt (1893), 147 U.S. 647, 657, 13 S.Ct. 466, 37 L.Ed. 316, 320.

Mr. Davis was required to have exercised reasonable care and diligence in asserting his claim within a reasonable time after he should have become aware that his initial pleadings had not reached a court. *Cf.*: United States v.

Diamond Coal & Coke Co. (1921), 255 U. S. 323, 41 S.Ct. 335, 65 L.Ed. 660, and Curtis v. Connly (1921), 257 U.S. 260, 42 S.Ct. 100, 66 L.Ed. 222, 226. He was patently aware of his cause of action, and he had received assistance in preparing a complaint soon after the occurrences of which he complains. He will not be heard to assert that, for such an extended length of time, he did not have the means within his power to prosecute his claim in a timely manner.

The pleadings and admissions on file, together with the affidavit, showing that there is no genuine issue as to any material fact between the parties, and that the defendant is entitled to a judgment as a matter of law, summary judgment will be entered forthwith that the plaintiff take nothing from the defendant. Rules 56(c), 58(1), Federal Rules of Civil Procedure. Should the plaintiff give timely notice of an appeal herefrom, he is authorized to proceed on appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.