**J. Ralph ERWIN, Plaintiff-Appellee,**

v.

**William L. NEAL et al., Defendants-Appellants.**

**Nos. 73–2001 and 74–1002.**

United States Court of Appeals, Sixth Circuit.

Argued April 5, 1974.

Decided May 10, 1974.

Howard E. Wilson, Frank B. Dodson, Kingsport, Tenn., on brief, for defendants-appellants.

Joel D. Gerwirtz, National Education Association, Washington, D. C., for plaintiff-appellee; Jerry D. Anker, Lawrence J. Sherman, Lichtman, Abeles & Anker, Washington, D. C., D. Bruce Shine, Ferguson & Shine, Kingsport, Tenn., on brief.

Before WEICK, EDWARDS and MILLER, Circuit Judges.

PER CURIAM.

Plaintiff, a non-tenured school teacher of the Kingsport, Tennessee School System, whose contract was not renewed for the school year 1969–1970, filed suit for mandatory order of reinstatement and for $150,000 damages claiming that his civil and constitutional rights had been violated. 28 U.S.C. § 1343; 42 U.S.C. §§ 1983 and 1985; First and Fourteenth Amendments to the Constitution.

In the second defense of their answer the defendants pleaded the one-year

Tennessee Statute of Limitations in bar to the action. T.C.A. § 28–304 provides in relevant part:

> Actions . . . for injuries to the person . . . [and] civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, . . . shall be commenced within one (1) year after cause of action accrued.

The District Court ruled that the action under the civil rights statutes (42 U.S.C. §§ 1983 and 1985) was barred by the Tennessee statute of limitations, but that the action under 28 U.S.C. § 1343 was not so barred. The theory of the Court was that the claim under Section 1343 was for constitutional violations, whereas the Tennessee statute of limitations refers only to civil rights statutes. These civil rights statutes, however, authorize suits for constitutional violation.

But the Tennessee statute of limitations expressly applies "for injuries to person". In our opinion plaintiff has pleaded an injury to his person.

We so held in Madison v. Wood, 410 F.2d 564 (6th Cir. 1969), where we construed the Michigan three-year statute of limitations which applied to "actions to recover damages for injuries to person or property . . ." We held that this statute barred recovery under 42 U.S.C. § 1985.

This is also the law of Tennessee, where the Supreme Court held that the phrase "personal injuries" was not limited to physical injuries to members of the body. Emerson v. Machamer, 221 Tenn. 739, 431 S.W.2d 283 (1968); Brown v. Dunstan, 219 Tenn. 291, 409 S.W.2d 365 (1966).

In our opinion plaintiff could have asserted his cause of action on May 28, 1969. Hodge v. Service Machine Co., 438 F.2d 347 (6th Cir. 1971). Plaintiff did not file the present suit until June 16, 1970.

The judgment of the District Court is reversed and the cause is remanded with instructions to dismiss the complaint.