**John H. STEVENS**

v.

**TENNESSEE VALLEY AUTHORITY.**

Civ. No. 3–80–528.

United States District Court, E. D. Tennessee, N. D.

April 14, 1981.

Robert Olive, McCord & Cockrill, Knoxville, Tenn., for plaintiff.

Herbert S. Sanger, Jr., Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, Larry S. Bush, Thomas C. Doolan, Tennessee Valley Authority, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This suit arises under Title 5 U.S.C. § 3551.

Plaintiff John H. Stevens was first hired by defendant Tennessee Valley Authority (TVA) as a steamfitter at the Watts Bar Nuclear Plant construction site in 1976. He was working there as a steamfitter when he received orders from the Tennessee Army National Guard to report for full time training duty from November 29, 1978 through August 17, 1979. He requested military leave from TVA, but was refused, and was later terminated for unavailability for work. On August 20, 1979, following completion of active duty service, plaintiff made application for restoration to his employment under Title 5 U.S.C. § 3551. He was offered reemployment as a "new hire" at that time, but did not accept because his union would not give him a referral to return to work. He was later informed by

---

TVA's manager of construction in a letter of September 7, 1979 that the offer of reemployment was still open and would remain open through September 18, 1979. (Exhibit 4). Plaintiff chose not to accept the offer and filed the present action on November 26, 1980. He also appealed TVA's denial of his claimed restoration rights under both 5 U.S.C. § 3551 and 38 U.S.C. §§ 2021 *et seq.* to the Merit Systems Protection Board. The Board denied plaintiff's claims and that case is now before the United States Court of Appeals for the Sixth Circuit for review.

It is the contention of TVA that the present action is barred by the one-year statute of limitations contained in Tenn. Code Ann. § 28–3–104; that plaintiff was not a "permanent or temporary indefinite" employee and thus is not entitled to restoration under Title 5 U.S.C. § 3551; and that even if plaintiff were entitled to restoration, his refusal to accept TVA's offer of reemployment bars his claim for back pay.

█ It is a well established principle of law, which is not disputed, that if the federal statute upon which the cause of action is based does not provide a statute of limitations, the Court must look to the state statute of limitations, which in this case is Tennessee, for the statute which is most appropriate. *Auto Workers v. Hoosier Corp.,* 383 U.S. 696, 703–04, 86 S.Ct. 1107, 1111, 16 L.Ed.2d 192 (1966); *Warner v. Perrino,* 585 F.2d 171, 174 (6th Cir. 1978). The parties cannot agree on the applicable Tennessee statute of limitations, plaintiff claiming that § 28–3–105, which is the three-year statute of limitations, applies, and defendant contending that § 28–3–104, which is the one-year statute, applies.

Section 28–3–105, which governs *inter alia* statutory liabilities, provides in pertinent part as follows:

The following actions shall be commenced within three (3) years from the accruing of the cause of action:

\* \* \* \* \* \*

(3) Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability;

\* \* \* \* \* \*

Section 28–3–104 provides the limitation for personal tort actions and reads in pertinent part as follows:

(a) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and actions for statutory penalties shall be commenced within one (1) year after cause of action accrued.

\* \* \* \* \* \*

It is the contention of plaintiff that this is an action "for personal services rendered" under Section 28–3–105(3). In support of this contention, plaintiff relies on the case of *Hire v. E. I. DuPont DeNemours & Co.,* 324 F.2d 546 (6th Cir. 1963). *Hire* was an action for severance pay which the Court held to be equivalent to a suit to recover additional wages. Having found the action to be one for wages the Court went on to hold that the statute governing "monetary liability for personal services rendered" was applicable. The same may not be said of the present case. This is not a suit for wages nor has plaintiff rendered any personal services for TVA since his termination. Consequently, we do not believe that *Hire* controls this case.

█ We are constrained to agree with defendant's contention that the applicable statute is Section 28–3–104 quoted above. Our position is supported by the case of *Erwin v. Neal,* 494 F.2d 1351 (6th Cir. 1974). That case involved the claim of a non-tenured school teacher of the Kingsport, Tennessee School System whose contract was not renewed for a school year and who filed suit for mandatory order of reinstatement

and damages, claiming that his civil and constitutional rights had been violated. The Court held that T.C.A. § 28–304 (now § 28–3–104) was the appropriate statute of limitations. The Court applied this statute both to the claim under the civil rights statutes (42 U.S.C. §§ 1983 and 1985) and to the claim under 28 U.S.C. § 1343. The Court stated that "... the Tennessee statute of limitations expressly applies 'for injuries to person.' In our opinion plaintiff has pleaded an injury to his person." 494 F.2d at 1352.

Counsel for plaintiff undertakes to distinguish this case from the case at bar on the ground that *Erwin* involved an action for violation of plaintiff's civil rights. Although this contention is valid, counsel fails to note the fact that the Court also held that plaintiff's claim for reinstatement and damages pleaded "an injury to his person" and was thus governed by the one-year statute of limitations.

We do not believe that the *Erwin* case can be distinguished from the present case and, accordingly, we hold that the applicable statute of limitations is one year and that plaintiff's cause of action is time-barred.

Since our holding that the action is time-barred disposes of the case we express no opinion on the merits of plaintiff's claim.

For the reasons stated, it is ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.