785 F.2d 308
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDDIE D. GRAYS, Plaintiff-Appellant,
v.
GOVERNOR LAMAR ALEXANDER; EUGENE BARKSDALE, SHERIFF; WILLIAM
HUGHES, SUPERINTENDENT; AND ARBOR, RECORD CLERK;
AND RAYMON SAUER, ATTORNEY, Defendants-Appellees.
 84-6044
 United States Court of Appeals, Sixth Circuit.
 1/21/86
 
 ORDER
 BEFORE: JONES and NELSON, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Plaintiff has appealed from the decision of the district court dismissing his civil rights complaint. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure. Plaintiff has filed a motion to add or attach exhibits to his original brief.
 
 
 2
 It appears from the record that plaintiff was removed from the custody of the State of Tennessee in 1979 and extradited to Mississippi for purpose of prosecution. He pled guilty and is currently serving a twenty year sentence at the Mississippi State Penitentiary. In June of 1983, he filed a complaint against his attorney with the Tennessee Bar Association stating that his attorney failed to recognize that the Mississippi indictment was defective. Plaintiff executed a civil rights complaint on July 9, 1984, and it was filed on September 26, 1984, which was well over a year after his extradition in 1979. Because of the action taken by him against his attorney in June of 1983, it is evident that he was aware of his cause of action for more than a year before he executed his complaint.
 
 
 3
 Because 42 U.S.C. Sec. 1983 contains no statute of limitations, federal courts borrow the state statute governing the most analogous state cause of action. Board of Regents v. Tomanio, 446 U.S. 478 (1980). It is well settled that the one year time period contained in T.C.A. Sec. 28-3-104 is applicable to $1983 actions. Wright v. State of Tennessee, 628 F.2d 949, 951 (6th Cir. 1980) (en banc); Erwin v. Neal, 494 F.2d 1351 (6th Cir. 1974); Johnson v. Railway Express Agency, Inc., 489 F.2d 525, 529 (6th Cir. 1973), aff'd, 421 U.S. 454 (1975); Harrison v. Wright, 457 F.2d 793 (6th Cir. 1972). Grays' complaint was neither executed nor filed within the one year statute of limitations.
 
 
 4
 The district court dismissed plaintiff's complaint under 28 U.S.C. Sec. 1915(d) without allowing service of it on the defendant or permitting him to amend the complaint. The district court's actions do not conflict with this Court's holding in Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983). The plaintiff's detailed complaint was subject to dismissal under Sec. 1915(d) if it appeared beyond doubt that the plaintiff could prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983). Upon review of the record, it appears that the district court did not err in dismissing the plaintiff's complaint.
 
 
 5
 It is ORDERED that the decision of the district court be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.