785 F.2d 308
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MAURICE E. HUGHLEY, Plaintiff-Appellant
v.
MAYOR GENE ROBERTS, CHIEF OF POLICE KENNEDY, CITY OF
CHATTANOOGA, TENNESSEE, OFFICER JAMES JACKSON,
RALPH WARD, AND HAMILTON COUNTY,
TENNESSEE, Defendants-Appellees.
 85-5727
 United States Court of Appeals, Sixth Circuit.
 1/24/86
 
 ORDER
 BEFORE: ENGEL, KENNEDY and RYAN, Circuit Judges.
 
 
 1
 Plaintiff appeals from the district court's order sua sponte dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. He moves this Court for appointment of counsel on appeal. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the documents filed on appeal, including plaintiff's informal brief and the certified record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a Tennessee state prisoner, filed a civil rights complaint against defendants in the district court on June 14, 1985 alleging that defendants conspired to violate his constitutional rights when they arrested him on September 9, 1983 and coerced him to make an involuntary confession concerning incriminating physical evidence. Allegedly, defendants illegally searched plaintiff's premises and seized the evidence. In addition, plaintiff alleges that defendants, during the search, seized and have failed to return non-incriminating personal property. The district court dismissed the complaint holding that the complaint was analogous to a personal injury action, was untimely filed, and thus, barred by the running of the statute of limitations under T.C.A. Sec. 28-3-104. Plaintiff appealed contending that the statute of limitations was not tolled because his incarceration barred access to the courts.
 
 
 3
 Upon consideration, this Court finds that plaintiff's action is one for personal injury and barred by the running of the statute of limitations. Wilson v. Garcia, 105 S.Ct. 1938 (1985); Davis v. Wilson, 349 F.Supp. 905 (E.D. Tenn.), aff'd without opinion, 471 F.2d 653 (6th Cir. 1972). Section 28-3-104, Tennessee Code Annotated requires that personal injury actions be filed within a year of their occurrence. Plaintiff's alleged injuries occurred on September 9, 1983. He did not file a complaint until well over a year, June 14, 1985. The disability of imprisonment does not save the statutory bar under Tennessee state law. Harrison v. Wright, 457 F.2d 793 (6th Cir. 1972).
 
 
 4
 It is therefore ORDERED that plaintiff's motion for appointment of counsel be and hereby is denied and the district court's order affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.