798 F.2d 468
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
McKinley BROWN, Plaintiff-Appellant,
v.
Judge Edgar P. CALHOUN, et al., Defendants-Appellees.
 No. 85-5716.
 United States Court of Appeals,
Sixth Circuit.
 June 13, 1986.
 
 Before MARTIN, KRUPANSKY and GUY, Circuit Judges.
 
 O R D E R
 
 1
 This matter is before the Court upon consideration of plaintiff's appe eal from the district court's order dismissing his Civil Rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of plaintiff's brief and the certified record, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a Tennessee state prisoner, filed a complaint under 42 U.S.C. Sec. 1983 alleging that his conviction is constitutionally infirm due to a conspiracy to convict him by defendants. The district court dismissed the action holding that it was barred by the one--year statute of limitations. Plaintiff timely appealed.
 
 
 3
 Upon consideration, this Court finds that the district court's final order must be affirmed.
 
 
 4
 The Reconstruction Civil Rights Acts do not contain a specific statute of limitations governing actions filed under 42 U.S.C. Sec. 1983. Hence, a local time limitation is adopted as federal law, if the time is not inconsistent with federal law or policy.
 
 
 5
 Under this approach, section 1983 claims are best characterized as personal injury actions for time tolling purposes. Wilson v. Garcia, 105 S.Ct. 1983 (1983); Harrison v. Wright, 457 F.2d 793 (6th Cir.1972); Mulligan v. Schlachter, 389 F.2d 231 (6th Cir.1968). Accordingly, plaintiff's claim is governed by Tennessee Code Annotated, Sec. 28-3-104, which requires that such claims be filed within a year of the alleged wrongful act. The acts complained of by plaintiff occurred in 1981. Plaintiff did not file his complaint until 1985. Hence, the complaint was filed untimely.
 
 
 6
 It is therefore ORDERED that the district court's final order be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.