805 F.2d 1035
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Joe MORGAN, Plaintiff-Appellant,
v.
Harry CURETON, Sheriff of Campbell County, Defendant-Appellee.
 No. 85-5609.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1986.
 ORDER
 
 1
 Before NELSON and RYAN, Circuit Judges, and ENSLEN, District Judge.*
 
 
 2
 This matter is before the Court upon consideration of appellant's appeal from the district court's order dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983 as barred by the statute of limitations. The matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the parties' briefs and the certified record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Appellant alleges that the defendant, sheriff of Jacksboro, Tennessee, committed tortious acts against him while in custody. Disability of imprisonment does not save the statutory bar under Tennessee state law. Harrison v. Wright, 457 F.2d 793 (6th Cir.1972). The district court dismissed the action as barred by the statute of limitations. On appeal, appellant argues that the statute of limitations should be waived due to his disability of incarceration.
 
 
 4
 Upon consideration, it appears that the district court was correct in dismissing this action. A section 1983 action is analogous to an action for personal injury, and in the state of Tennessee, must be brought within one year of the injury's occurrence. Wilson v. Garcia, --- U.S. ----, 105 S.Ct. 1938 (1985); Davis v. Wilson, 349 F.Supp. 905 (E.D.Tenn.), aff'd without opinion, 471 F.2d 653 (6th Cir.1972); T.C.A. Sec. 28-3-104. Appellant alleges that the injury in the present case occurred in 1982. He did not file the present action until 1985, more than one year after the injury's occurrence. Furthermore, contrary to appellant's argument of good cause for delay, incarceration does not save the statutory bar under Tennessee state law. Harrison v. Wright, 457 F.2d 793 (6th Cir.1972).
 
 
 5
 It is therefore ORDERED that the district court's order be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation