815 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Roy DAVIS, Plaintiff-Appellant,
v.
SHELBY COUNTY, TENNESSEE; and Shelby County Sheriff's
Office, Defendants- Appellees.
 No. 86-5471.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1987.
 
 Before ENGEL and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This Tennessee state prisoner appeals from a district court judgment dismissing his 42 U.S.C. Sec. 1983 complaint. In his complaint, the plaintiff seeks to attack his conviction of robbery with a deadly weapon in which he was sentenced to twenty (20) years in the state penitentiary. On appeal, he argues (1) that the defendants are holding him illegally because an arrest warrant was not served upon him; and (2) his Miranda rights were not read to him while he was under arrest.
 
 
 2
 In a suit filed under the civil rights statutes, a district court must apply the most analogous personal injury statute of limitations of the state where it sits to determine the timeliness of the action. Wilson v. Garcia, 471 U.S. 261 (1985); see also Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985) (applying Wilson retroactively), cert. denied, 106 S.Ct. 2901 (1986). Tennessee Code Annotated Sec. 28-3-104 provides that actions such as the one in the case at bar must be brought within one year after the cause of action accrued.
 
 
 3
 In Rinehart v. Locke, 454 F.2d 313 (7th Cir.1971), the court held that the Sec. 1983 cause of action accrues on the date the arrest was made when the claim is for false arrest. The arrest in the case at bar was made on September 5, 1980, but the complaint was not filed until June 20, 1984. Clearly, plaintiff's claims under Sec. 1983 are time-barred. Compare Deary v. Three Un-named Police Officers, 746 F.2d 185 n. 16 (3d Cir.1984). Moreover, it is significant to point out that under Tennessee law, disability of imprisonment does not save the statutory bar. See Harrison v. Wright, 457 F.2d 793 (6th Cir.1972).
 
 
 4
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.