869 F.2d 1488
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerome BROWN, Plaintiff-Appellant,
v.
Kim MILLER; Fred Houston, Charles Sivley, Charles Ezell,
Mike Carraher, Police Officers, City of
Chattanooga, Defendants-Appellees.
 No. 88-5707.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1989.
 
 1
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This pro se Tennessee prisoner seeks appointment of counsel and entry of default judgment in his appeal from the judgment of the district court dismissing his 42 U.S.C. Sec. 1983 civil rights complaint for failure to state a claim.
 
 
 4
 Brown filed a complaint on April 27, 1988, in which he alleged that his constitutional rights were violated by the use of the excessive force by named police officers during the course of his arrest on November 12, 1986. The district court granted the defendants' motion to dismiss because the complaint was filed beyond the applicable one year statute of limitations.
 
 
 5
 Upon review, we affirm the judgment of the district court.
 
 
 6
 For the purposes of 42 U.S.C. Sec. 1983, state statutes of limitations apply to determine the timeliness of the claims asserted under the Act. 42 U.S.C. Sec. 1988; Wilson v. Garcia, 471 U.S. 261, 268-69 (1985). Federal law determines the accrual of the claims. Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984).
 
 
 7
 The one year statute of limitations period contained in Tenn.Code Ann. Sec. 28-3-104 applies to civil rights claims arising in Tennessee. See, e.g., Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986); Wright v. Tennessee, 628 F.2d 949, 951 (6th Cir.1980) (en banc); Harrison v. Wright, 457 F.2d 793 (6th Cir.1972) (per curiam). In Tennessee, incarceration does not toll the statute of limitations prior to the filing of the suit. See Harrison, 457 F.2d at 793. The accrual of Brown's claim is governed by the "time of event" rule, in that greater than de minimus harm was discernible at the time of the tortious event. Hicks v. Hines, Inc., 826 F.2d 1543, 1544 (6th Cir.1987). Therefore, his cause of action accrued on November 12, 1986, and his complaint filed in April of 1988 was approximately five months late. Moreover, Brown fails to raise sufficient equitable grounds to toll the applicable statute of limitations.
 
 
 8
 Accordingly, Brown's motion for entry of default judgment is denied as frivolous. The motion for appointment of counsel is denied, and the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation