876 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Winston Rudolph HOWELL, Plaintiff-Appellant,
v.
Stephen NORRIS, Mike Dutton, Aileene Love, Defendants-Appellees.
 No. 88-6420.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1989.
 
 1
 Before KEITH and WELLFORD, Circuit Judges, and HORACE GILMORE, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Winston Rudolph Howell appeals from the district court's order dismissing his 42 U.S.C. Sec. 1983 prisoner civil rights complaint as it was filed outside of the applicable statute of limitations.
 
 
 4
 Howell brought this action against the Commissioner of the Tennessee Department of Corrections, the Warden of Tennessee State Prison, and the Warden of Deberry Correctional Institute. He sought declaratory, injunctive, and monetary relief. Howell claimed that the defendants conspired to deprive him of all rights and privileges which normally accompany the status of "minimum trustee," and thereby deprived him of his constitutional rights.
 
 
 5
 The district court dismissed the complaint because it was untimely. On appeal, Howell claims that he was entitled to a hearing before his "minimum trustee" status was revoked.
 
 
 6
 Upon consideration, we conclude that the district court correctly dismissed the complaint as untimely. For the purposes of 42 U.S.C. Sec. 1983, state statutes of limitations apply to determine the timeliness of the claims. Wilson v. Garcia, 471 U.S. 261, 268-69 (1985). Federal law determines the accrual of the claims. Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984). The one year statute of limitations period contained in Tenn.Code Ann. Sec. 28-3-104(a) applies to civil rights claims arising in Tennessee. See, e.g. Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986). In Tennessee, incarceration does not toll the statute of limitations prior to the filing of the suit. See Harrison v. Wright, 457 F.2d 793 (6th Cir.1972) (per curiam). The accrual of Howell's claim is governed by the "time of event" rule, in that greater than minimal harm was discernible at the time of the tortious event. See Hicks v. Hines, Inc., 826 F.2d 1543, 1544 (6th Cir.1987). Therefore, his cause of action accrued no later than when he was denied his privileges as a minimum trustee in April 1987. His complaint, filed in July 1988, was approximately four months late. Moreover, Howell failed to raise any equitable grounds to toll the applicable statute of limitations.
 
 
 7
 For these reasons, the district court's order dismissing Howell's complaint is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation