886 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence SMITH, also known as Lonnie Miller, Plaintiff-Appellant,
v.
Kathryn SWISHER, State Appointed Attorney for Shelby County,
Hughes Stanton, Prosecuting Attorney for Shelby County,
William H. Williams, Judge in Division 111 Shelby County
Criminal Court, City of Memphis POLICE DEPARTMENT, John
Gaston HOSPITAL, City of Memphis, Defendants-Appellees.
 No. 89-5544.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1989.
 
 1
 Before DAVID A. NELSON and RYAN, Circuit Judges, and MEREDITH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Lawrence Smith moves for an order compelling his transfer back to the Mark Lutrell Reception Center in Memphis and for injunctive relief, and appeals from the district court's judgment dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 4
 Smith claimed that his constitutional rights were violated during his arrest and the resulting court proceedings. The defendants are a state-appointed attorney, the Memphis Police Department, a Shelby County Criminal Court judge, the Shelby County prosecuting attorney, and John Gaston Hospital. Smith requested monetary and injunctive relief.
 
 
 5
 The district court dismissed the civil rights suit as it was filed outside the applicable statute of limitations. The court also decided that Smith intended the action to be a petition for writ of habeas corpus under 28 U.S.C. Sec. 2254, and likewise dismissed the suit for failure to exhaust state court remedies.
 
 
 6
 On appeal, Smith does not argue that his action was intended to be a petition for writ of habeas corpus. Smith only argues that the one year statute of limitations had not expired, and that the defendants conspired to deprive him of his name and liberty.
 
 
 7
 Upon consideration, we conclude that the district court correctly dismissed the complaint as untimely. For the purposes of 42 U.S.C. Sec. 1983, state statutes of limitations apply to determine the timeliness of the claims. Wilson v. Garcia, 471 U.S. 261, 268-69 (1985). Federal law determines the accrual of the claims. Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984). The one year statute of limitations period contained in Tenn.Code Ann. Sec. 28-3-104(a) applies to civil rights claims arising in Tennessee. See, e.g., Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986). In Tennessee, incarceration does not toll the statute of limitations prior to the filing of the suit. See Harrison v. Wright, 457 F.2d 793 (6th Cir.1972) (per curiam). The accrual of Smith's claim is governed by the "time of event" rule, in that greater than minimal harm was discernible at the time of the tortious event. See Hicks v. Hines, Inc., 826 F.2d 1543, 1544 (6th Cir.1987). Therefore, Smith's cause of action accrued when the incidents he complaiend of occurred--in 1982 and 1983. His complaint, filed in December 1988, was approximately five years late. Moreover, Smith failed to raise any equitable grounds to toll the applicable statute of limitations.
 
 
 8
 For these reasons, the motions to compel transfer and for injunctive relief are hereby denied, and the district court's order dismissing Smith's complaint is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation