894 F.2d 408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry T. WIMBLEY, Plaintiff-Appellant,
v.
Steve NORRIS, Commissioner; Gary Livesay, Warden,
S.T.S.R.C.F.; Virginia Lewis, Health Administrator;
Patricia Dinicola, LPN; Dottie Wyatt, LPN; Kathy Lawrence,
RN; Willie Grace Angel, RN; Nurse Mayers, RN, Defendants-Appellees.
 No. 89-5753.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1990.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and FRANK J. BATTISTI, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Harry T. Wimbley moves for counsel and appeals from the district court's order dismissing his civil rights suit filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 4
 Wimbley claimed that the defendants, who are nurses, failed properly to diagnose a throat condition that was later determined to be cancer of the larynx. Following this diagnosis, Wimbley's larynx was removed. He claims that the diagnostic error constitutes deliberate indifference to his serious medical needs in violation of his constitutional rights. Wimbley also named as defendants the Commissioner of the Tennessee Department of Corrections, the warden and the health administrator of the Southeast Tennessee State Regional Correctional Facility, and the Tennessee Department of Corrections. He requested monetary and injunctive relief.
 
 
 5
 After reviewing the pleadings, the district court dismissed the defendant Commissioner, the warden, the health administrator, and the Tennessee Department of Corrections, as Wimbley did not establish that they were personally involved in the alleged denial of his rights and respondeat superior is not a basis for liability under 42 U.S.C. Sec. 1983. Defendants Wyatt and Angel (two nurses) filed motions to dismiss on the theory that Wimbley's claims were barred by the applicable statute of limitations. The district court granted the motions to dismiss and ordered that the remaining defendants would not be required to assert the statute of limitations defense as the case was dismissed pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 6
 On appeal, Wimbley argues that he does not have to show that the defendant Commissioner, warden, health administrator, and the Tennessee Department of Corrections were personally involved because they failed to properly train and supervise their employees, and that his claim is not barred by the applicable statute of limitations.
 
 
 7
 Upon consideration, we conclude that the district court correctly granted the motions to dismiss the complaint because it is frivolous within the meaning of 28 U.S.C. Sec. 1915(d). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 8
 This complaint is frivolous as it is patently untimely. For the purposes of 42 U.S.C. Sec. 1983, state statutes of limitations apply to determine the timeliness of the claims. Wilson v. Garcia, 471 U.S. 261, 268-69 (1985). Federal law determines the accrual of the claims. Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984). The one year statute of limitations period contained in Tenn.Code Ann. Sec. 28-3-104(a) applies to civil rights claims arising in Tennessee. See, e.g., Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986). In Tennessee, incarceration does not toll the statute of limitations prior to the filing of the suit. See Harrison v. Wright, 457 F.2d 793 (6th Cir.1972) (per curiam). The accrual of Wimbley's claims is governed by the "discovery" rule, because the injury was not immediately apparent to him at the time of the alleged diagnostic error. See Hicks v. Hines, Inc., 826 F.2d 1543, 1544 (6th Cir.1987). Therefore, Wimbley's cause of action accrued when he was diagnosed as having cancer of the larynx in May 1987. This Sec. 1983 claim was barred one year later in May 1988. The first complaint was not filed until June 1988. That complaint was dismissed without prejudice later that month. Wimbley filed a second complaint in December 1988. This is clearly beyond the one year limitations period. Additionally, Wimbley failed to raise any equitable grounds to toll the statute of limitations.
 
 
 9
 For these reasons, the motion for counsel is denied, and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank J. Battisti, U.S. District Judge for the Northern District of Ohio, sitting by designation